1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EDGAR EDUARDO OCHOA,

11              Movant,                    No. CR S-03-0185 GEB EFB

12        vs.

13    UNITED STATES OF AMERICA,

14              Respondent.            <u>FINDINGS & RECOMMENDATIONS</u>

15    _____/

16        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or

17    correct his sentence pursuant to 28 U.S.C. § 2255.[1]  He seeks post-conviction relief on the

18    ground that his trial counsel rendered ineffective assistance.  Upon careful consideration of the

19    record and the applicable law, it is recommended that movant's § 2255 motion be denied.

20    **I.    Factual Background**[2]

21        On March 27, 2003, in a restaurant parking lot in Lodi, California, the defendant,
         Edgar Ochoa, delivered approximately one-half pound of methamphetamine to

22        Agent John Heilbrun, a Metropolitan Narcotics Task Force officer acting
         undercover and posing as a methamphetamine dealer.  The defendant and Agent

23

24        [1]  This motion was assigned, for statistical purposes, the following civil case number:
      No. CIV S-05-2192 GEB EFB.

25

26        [2]  The following factual summary is drawn from Exhibit A to movant's plea agreement
      and is reproduced here solely to provide a factual background for movant's claim.

                                           1

> Heilbrun had negotiated and discussed the delivery of the methamphetamine over the previous eight days, and had agreed on a price of $3,200 for a quarter pound of methamphetamine, or $6,500 for a half pound.  The amount of pure methamphetamine contained in what the defendant delivered to Agent Heilbrun was 141.3 grams.  After the delivery, the defendant was arrested, and he told the agents that he had another half pound of methamphetamine at his house.
>
> Later on March 27, 2003, Task Force agents executed a search warrant on the defendant's house at 134 ½ Oak Street in Manteca, California.  At the house, agents found an additional amount of almost ½ pound of methamphetamine, which contained 130.7 grams of pure methamphetamine, along with two weighing scales and a roll of plastic baggies.

Answer, Ex. C (Movant's Plea Agreement, Ex. A – Factual Basis for Plea).

## II.   Procedural Background

On April 10, 2003, the grand jury returned a three count indictment, charging movant with two counts of distribution of methamphetamine and one count of possession with the intent to distribute.  Dckt. No. 1.  Movant made his initial appearance on April 15, 2003.  Dckt. No. 2. He entered a not guilty plea to the charges.  *Id.*  The Federal Defender's Office was appointed to represent movant.  *Id.*  On April 23, 2003, Assistant Federal Defender Linda C. Harter formally entered her appearance as counsel for movant.  Dckt. No. 6.

On July 24, 2003, the grand jury returned a superceding indictment, again charging movant with two counts of distribution of methamphetamine and one count of possession with the intent to distribute.  Dckt. No. 11.  Movant entered a not guilty plea to the charges.  Dckt. No. 13.

On October 24, 2003, the district court set a pretrial motions briefing schedule, ordering that all pretrial motions be filed by November 14, 2003.  Dckt. No. 18.  On November 12, 2003, movant, proceeding through Harter, filed a motion for an order disclosing the identity and certain background information of the confidential informant who allegedly introduced the undercover agent to movant.  Dckt. No. 19.  Movant argued that such information would be relevant and helpful at trial because the informant would be a percipient witness and because the informant's testimony would be crucial to a potential entrapment defense.  *Id.*  The government opposed

1  movant's motion.  Dckt. No. 20.  The government also moved to dismiss count one of the

2  superseding indictment, noting that neither counts two nor three involved the confidential

3  informant as a percipient witness.  Dckt. No. 20 at Ex. C.  On December 11, 2003, the district

4  court granted the government's motion to dismiss count one.  Dckt. No. 21.

5         On January 29, 2004, Harter moved to withdraw as counsel for movant.  Dckt. No. 25.

6  On February 6, 2004, the district court granted Harter's motion and appointed Troy Ellerman as

7  movant's new counsel.  Dckt. No. 27.

8         On April 27, 2004, the district court issued a trial confirmation order, scheduling trial for

9  May 11, 2004.  *Id.*  The trial confirmation order also required that in limine motions be filed no

10  later than April 30, 2004, and that such motions would be heard on May 7, 2004.  Dckt. No. 31.

11         On April 30, 2004, Ellerman filed two motions in limine relating to movant's anticipated

12  entrapment defense.  Dckt. Nos. 32, 33.  The first motion sought to admit movant's testimony

13  regarding conversations movant had with the confidential informant to show that movant was not

14  predisposed to commit the crimes charged.  Dckt. No. 32.  At the May 7, 2004 hearing, the

15  district court denied the motion, stating that the court was being asked to admit testimony

16  without knowing what the testimony would be.  Answer, Ex. B at 45; Dckt. No. 42.  The court

17  also denied the motion by written order.  Dckt. No. 41.

18         Movant's second motion in limine sought to introduce the expert testimony of a

19  psychologist relating to movant's mental condition and vulnerability to government inducement.

20  Dckt. No. 33.  In its opposition, the government argued that the defense had failed to comply

21  with Rule 12.2(b) of the Federal Rules of Criminal Procedure, which provides, in pertinent part,

22  that "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect

23  or any other mental condition of the defendant bearing on [the issue of guilt] . . . the defendant

24  must – within the time provided for filing a pretrial motion or at any other time the court sets –

25  notify an attorney for the government in writing of this intention and file a copy of the notice

26  with the clerk.  The court may, for good cause, allow the defendant to file the notice late . . . ."

Dckt. No. 38 at 16-17.  Following the May 7, 2004 hearing, the court issued a written order denying this motion.  Dckt. Nos. 41, 42.  The court found that movant failed to comply with the notice requirement of Rule 12.2(b) because he failed to notify the government of his intent to introduce such expert evidence on or before November 14, 2003, the deadline for filing pretrial motions.  The court further found that movant had not established the requisite "good cause" to justify allowing him to file the Rule 12.2(b) notice late, and that movant had therefore waived any right to produce expert evidence under Rule 12.2(b).  Dckt. No. 41.

On May 10, 2004, movant entered a guilty plea to the remaining counts (counts two and three) of the superseding indictment pursuant to a written plea agreement.  Answer, Ex. C at 2; Dckt. No. 46.  As part of his plea, movant waived "the right to appeal the conviction and the right to appeal any aspect of the sentence imposed" as long as the sentence was consistent with the stipulations in the plea agreement about the sentencing guidelines variables.  Answer, Ex. C at 7.  Movant also waived "any right he may have to bring a post-conviction attack on his conviction or his sentence," and specifically agreed "not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence."  *Id.*  The plea agreement contained the following statement by movant:

> I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this Agreement.  In addition, no one has threatened or forced me in any way to enter into this Plea Agreement.  Finally, I am satisfied with the representation of my attorney in this case.

*Id.* at 9.

At the May 10, 2004 change of plea hearing, movant was provided with an interpreter, was sworn, and entered his guilty plea.  Answer, Ex. D.  Movant represented that the superceding indictment had been read to him in his own language, and that he had discussed the charges and the case in general with this attorney.  *Id.* at 5.  Movant agreed that he was fully

4

1   satisfied with the counsel, representation and advice given him by his attorney. *Id.* He stated

2   that he was entering the guilty plea voluntarily and because it was what he wanted to do. *Id.* at

3   6. At the request of the court, government counsel summarized the terms of the plea agreement,

4   including that "[t]he defendant is waiving appeal and collateral attack rights." *Id.* at 6-7.

5   Movant agreed that these were the terms of his plea agreement with the government. *Id.* at 8.

6   Movant stated that his plea was not based on any promise or assurance of any kind other than

7   those contained in the agreement, and that no one had attempted to force or threaten him to plead

8   guilty. *Id.* at 8-9. The court explained to movant the consequences of his plea and movant stated

9   that he understood those consequences. *Id.* at 9-13. Movant then entered his plea of guilty and

10  the court found that movant was "fully competent and capable of entering an informed plea, and

11  that his plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact,

12  containing each of the essential elements of the offense." *Id.* at 16.

13  **III.   Applicable Law**

14      A federal prisoner making a collateral attack against the validity of his or her conviction

15  or sentence must do so by way of a motion to vacate, set aside or correct the sentence, filed

16  pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence. *Tripati v. Henman*, 843

17  F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it

18  concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the

19  United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

20      There is no constitutional right to appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

21  A knowing and voluntary waiver of appeal rights in a negotiated plea agreement is enforceable

22  in federal court. *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also*

23  *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) ("A defendant's waiver of his

24  appellate rights is enforceable if the language of the waiver encompasses his right to appeal on

25  the grounds raised, and if the waiver was knowingly and voluntarily made"); *United States v.*

26  *Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding waiver of right to collateral review).

5

1   However, waivers cannot bar ineffective assistance of counsel claims associated with the

2   negotiation of plea agreements.  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a

3   plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. §

4   2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges

5   the voluntariness of the waiver.").  *See also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.

6   1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of

7   counsel based on counsel's erroneously unprofessional inducement of the defendant to plead

8   guilty or accept a particular plea bargain").  A reviewing court "looks to the circumstances

9   surrounding the signing and entry of the plea agreement to determine whether the defendant

10  agreed to its terms knowingly and voluntarily."  *United States v. Baramdyka*, 95 F.3d 840, 843

11  (9th Cir. 1996).

12  **IV.    Analysis**

13          Movant collaterally attacks his conviction on the ground that he allegedly received

14  ineffective assistance of counsel.  Dckt. No. 66 at 5.  He claims that his first attorney, Linda

15  Harter, failed to investigate and file a motion relating to an entrapment defense.  *Id.*  Movant

16  claims that when his second attorney, Troy Ellerman, filed motions in limine seeking to admit

17  evidence to show movant's state of mind, and expert testimony on lack of movant's

18  predisposition, the district court denied the motions as untimely.[3]  *Id.*  Movant claims that if his

19  motions had been timely filed, he would have been able to introduce expert testimony showing

20  he was not predisposed to engage in any criminal activities and his entrapment defense would

21  have succeeded at trial.  *Id.*

22  ────────────────

23          [3] As discussed above, the case file reflects that the motions in limine were not denied as
    untimely.  The district court denied the motion seeking to admit movant's testimony as to his
24  state of mind because the nature of such testimony was unknown.  The district court denied the
    motion seeking to introduce expert evidence because movant had failed to comply with Federal
25  Rule of Criminal Procedure 12.2(b)'s notice requirement.  The deadline for providing such
    notice had already passed at the time movant's second attorney, Ellerman, was appointed.  *See*
26  Answer, Ex. B; Dckt. Nos. 41, 42.

1    Here, movant waived the right to appeal his conviction or any part of his sentence except

2    to the extent that the court imposed a sentence inconsistent with the stipulations set forth in the

3    plea agreement.  Answer, Ex. C at 7.  Movant's sentence appears to be consistent with the terms

4    of the plea agreement, *see* Answer, Exs. C, D, and movant does not argue otherwise.  *See* Dckt.

5    No 54 (reflecting that movant was sentenced to a prison term of 87 months, with a 60 month

6    term of supervised release, and charged a $200 special assessment).  Therefore, this possible

7    exception to movant's waiver of appeal is unavailable.[4]

8    Movant also waived the right to file a § 2255 motion as part of his plea agreement.

9    Specifically, he "agree[d] not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his

10   conviction or sentence."  Answer, Ex. C at 7.  As explained above, a waiver of the right to file a

11   § 2255 motion in a plea agreement is enforceable in federal court, except with respect to an

12   ineffective assistance of counsel claim associated with the negotiation and/or voluntariness of a

13   plea agreement.  *Washington*, 422 F.3d at 871 (9th Cir. 2005).  Here, movant's claim is

14   essentially premised on his first attorney's failure to meet the notice requirements of Rule

15   12.2(b) of the Federal Rules of Criminal Procedure.  Movant's claim has nothing to do with his

16   second attorney's advice regarding the plea agreement.

17   Moreover, movant also waived any allegations of pre-guilty plea constitutional defects by

18   pleading guilty.  "When a criminal defendant has solemnly admitted in open court that he is in

19

20      [4]  Under the law of the Ninth Circuit, movant also implicitly preserved his right to appeal
     on the grounds that the sentence was illegal or was imposed for racially discriminatory reasons.
21   *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).  Movant could also appeal if his
     guilty plea failed to comply with Rule 11 of the Federal Rules of Criminal Procedure or if the
22   sentencing judge informed him that he retained the right to appeal.  *Watson*, 582 F.3d at 987.
     Here, there is no evidence that movant's sentence was outside the statutory maximum or was
23   otherwise illegal.  Movant raises no claim that the sentence was the result of discrimination or
     any other form of due process violation.  Nothing in the record suggests that the sentencing
24   judge informed movant that he retained the right to appeal.  *See* Answer, Ex. D at 11 (sentencing
     judge merely informed movant that "under some circumstances" he "may" have the right to
25   appeal the sentence).  Further, it appears from the case file and the transcript of the May 10,
     2004 change of plea hearing that movant's guilty plea complied with Rule 11 of the Federal
26   Rules of Criminal Procedure.  *See* Answer, Ex. D.  Thus, these exceptions to movant's waiver
     are inapplicable.

7

fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations. A defendant may only attack the 'voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.'"); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (holding that defendant's guilty plea waived claim of ineffective assistance of counsel occurring before the plea).  Here, movant's claim relates to the allegedly ineffective assistance of counsel prior to the entry of his guilty plea.

At the change of plea hearing, movant was provided with an interpreter, and in sworn statements, agreed that through the plea agreement he waived his right to file an appeal or collateral attack on his conviction.  Answer, Ex. D at 3, 7-8.  Movant also stated that he was not under the influence of drugs or alcohol.  *Id.* at 5.  The district court reviewed and movant confirmed that he understood the charges to which he was pleading guilty, the consequences of his plea, and the terms of the plea agreement.  *Id.* at 6-10, 13-14.  Movant also acknowledged that he was waiving his right to file an appeal or collateral challenge to his sentence.  *Id.* at 7-8.  Such sworn statements carry substantial weight in the assessment of the voluntariness of his guilty plea, and "carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The court finds that the plea agreement and the circumstances surrounding its adoption establish that movant knowingly and voluntarily waived his right to appeal.  *See Baramdyka*, 95 F.3d at 844.  Therefore, movant's waiver of the right to file an appeal or collateral attack on his conviction bars his claim of ineffective assistance of counsel.

////

////

8

**V.      Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Movant's August 21, 2006 motion to vacate, set aside, or correct his plea and sentence pursuant to 28 U.S.C. § 2255 be denied; and

2.  The Clerk be directed to close the companion civil case No. CIV S-05-2192 GEB EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  June 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE